NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

JUL 12 2022

FOR THE NINTH CIRCUIT

| | |
|---|---|
| WILFREDO ANTONIO ENRIQUEZ-PALACIOS, | No. 15-73910 |
| Petitioner, | Immigration File No. A200-711-328 |
| v. | |
| MERRICK GARLAND, Attorney General, | MEMORANDUM* |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted July 8, 2022**
Portland, Oregon

Before: R. NELSON and LEE, Circuit Judges, and RAKOFF,*** District Judge.

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\* The panel previously determined unanimously that the case should be submitted on the briefs and record, without oral argument. *See* Fed. R. App. P. 34(a)(2).

\*\*\* The Honorable Jed S. Rakoff, United States District Judge for the Southern District of New York, sitting by designation.

Petitioner Wilfredo Antonio Enriquez-Palacios, a citizen of El Salvador, entered the United States without inspection near Nogales, Arizona on or about April 14, 2005, and he has remained in the United States continuously since then. He was convicted of domestic violence in August 2010. The next month, he was served with a notice to appear, charging him with removability under 8 U.S.C. § 1182(a)(6)(A)(i), which he conceded to before an immigration judge ("IJ"). Then in 2013, he filed an application for asylum, withholding of removal, and protection under the Convention Against Torture ("CAT"), stating that he feared returning to El Salvador because he and his family members had been subject to harassment, death threats, and extortion by gang members.

1.      In 2014, Enriquez-Palacios appeared before an IJ for a hearing on his petition for relief. He testified that he had been beaten up by gang members on three occasions in El Salvador. First, members of the MS-13 gang attacked him after he refused their demand for money. Second, after playing a soccer game at a ranch, members of MS-13 approached him, threatened him with a gun for being in "their territory," forced him to strip so they could search for (non-existent) tattoos from a rival gang, and told him not to return to the area. Third, while working as a taxi driver, he and a colleague were robbed at gunpoint by gang members, and the colleague was killed. Enriquez-Palacios fled to the United States about a month later.

**2.** Following Enriquez-Palacios's testimony, the IJ rendered an oral decision denying all requested relief. The Board of Immigration Appeals ("BIA") affirmed, holding that the asylum application was barred as untimely, that Enriquez-Palacios failed to establish a nexus between past persecution and a protected ground, and that, with respect to the CAT claim, he had failed to establish that the government of El Salvador would acquiesce in any future harm from gang members. Enriquez-Palacios timely petitioned this court for review, and we deny his petition for withholding of removal and CAT protection.[1]

**3.** We have jurisdiction under 8 U.S.C. § 1252 to review final orders of removal, *Yali Wang v. Sessions*, 861 F.3d 1003, 1007 (9th Cir. 2017),[2] and we review the BIA's findings, including those regarding nexus and acquiescence, for substantial evidence, *Plancarte Sauceda v. Garland*, 23 F.4th 824, 831 (9th Cir. 2022). Under this standard, we must deny the petition "unless, based on the evidence, any reasonable adjudicator would be compelled to conclude to the contrary." *Andrade-Garcia v. Lynch*, 828 F.3d 829, 833 (9th Cir. 2016).

---

[1] The BIA affirmed the IJ's conclusion that Enriquez-Palacios's asylum application was barred for being untimely. His petition for review does not challenge this finding, so any objection is waived and the BIA's denial is proper. *See Rodriguez-Jimenez v. Garland*, 20 F.4th 434, 438 n.1 (9th Cir. 2021).

[2] Unless otherwise specified, all internal quotation marks, citations, and alterations are omitted from all sources cited herein.

**4.** First, the BIA denied withholding of removal on the ground that Enriquez-Palacios had not established that any persecution he experienced in El Salvador had a nexus to any protected ground. Specifically, the BIA concluded that the gangs' attacks were motivated by their efforts "to extort money and recruit more members in order to increase their size." We have often held that "harassment by criminals motivated by theft or random violence by gang members bears no nexus to a protected ground." *Zetino v. Holder*, 622 F.3d 1007, 1016 (9th Cir. 2010). And nothing in Enriquez-Palacios's testimony supports the conclusion that any of the three attacks, or any of the other reported threats about which he also testified, arose from his decision not to join the gangs or his underlying religious beliefs.

**5.** Second, the BIA denied relief under CAT, concluding that Enriquez-Palacios had failed to demonstrate that it was "more likely than not" that he would be tortured by or with the acquiescence of a Salvadoran official. *See* 8 C.F.R. § 208.16(c)(2); 8 C.F.R. § 1208.18(a)(1). Enriquez-Palacios admits that he never reported any of the attacks by non-state actors to the police in El Salvador, because he did not believe the police would provide any protection. He explained, by way of example, that in 2007, a gang extorted approximately $5,000 from his grandfather, and although a detective visited his grandfather's home following a police report, Enriquez-Palacios was not aware that the case had ever been solved.

But proof that public officials have acquiesced in torture requires that an applicant establish that the officials were aware of the activity (or consciously avoided becoming aware) and then breached a legal responsibility to intervene because they were unwilling or unable to stop the torture. *Garcia-Milian v. Holder*, 755 F.3d 1026, 1034 (9th Cir. 2014). "By contrast, a government does not acquiesce in the torture of its citizens merely because it is aware of torture but powerless to stop it," so it is not enough to show that the police were unable to apprehend a private actor engaged in criminal conduct. *Id.* "Nor does evidence that a government has been generally ineffective in preventing or investigating criminal activities raise an inference that public officials are likely to acquiesce in torture, absent evidence of corruption or other inability or unwillingness to oppose criminal organizations." *Id.* Enriquez-Palacios identifies nothing in the record that compels the finding that he met this burden of proof. Accordingly, under the substantial evidence standard of review, we cannot disturb the BIA's denial of CAT relief.

**PETITION DENIED.**